# IN THE UNITED STATES DISTRICT
## FOR THE DISTRICT OF MARYLAND
### (Greenbelt Division)

| | |
|---|---|
| DOROTHY GALES<br><br>*on her own behalf and on behalf of*<br>*all others similarly situated,*<br><br>Plaintiffs,<br><br>v.<br><br>CAPITAL ONE, NATIONAL ASSOCIATION<br>D/B/A CAPITAL ONE AUTO FINANCE<br><br>Defendant. | <br><br>JURY TRIAL DEMANDED<br><br><br>Case No. 8:13-CV-1624-PJM |

## FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff Dorothy Gales ("Named Plaintiff" or "Gales"), on her own behalf and on behalf of all others similarly situated, through her attorney Cory L. Zajdel, Esq. and Z LAW, LLC, hereby submits this First Amended Class Action Complaint against Defendant Capital One, National Association d/b/a Capital One Auto Finance ("Capital One") and for support states as follows:

## I.      PRELIMINARY STATEMENT

1.      Gales institutes this class action against Capital One on her own behalf and on behalf of all others similarly situated for violating statutory and contractual obligations and seeks to recover actual damages, statutory damages, interest and the costs of this action against Capital One for multiple violations of *Maryland's Credit Grantor Closed End Credit Provisions*, MD. CODE ANN., COMM. LAW §§ 12-1001 *et seq.* ("CLEC") and Maryland Common Law.

2.      Capital One extends secured financing for personal property.

3.      Capital One has extended secured financing for personal property to more than one thousand borrowers in Maryland each year from 2000 to the present.

4.      Each year from 2000 to the present, Capital One has extended secured financing to more than one thousand borrowers in Maryland through credit contracts electing CLEC as the governing law.

5.      Each year from 2000 to the present, Capital One repossessed secured property originated from credit contracts electing CLEC from more than two hundred fifty borrowers.

6.      In the event its customer fails to reinstate the contract or redeem the personal property following repossession, Capital One sells the customer's personal property.

7.      Capital One's routine business practice is to send its CLEC customers form notices of the plan to sell ("pre-sale notice") and form notices of the claimed deficiency ("post-sale notice") after the sale of the personal property in which it demands payment.

8.      If a deficiency balance remains on the CLEC credit account after Capital One sells the personal property, Capital One pursues collection actions including referring credit accounts to collection attorneys, filing suit against Capital One customers, selling the open credit accounts to debt buyers or referring the credit account to debt collectors.

9.      Through its use of deficient form pre-sale and post-sale notices, Capital One has deprived its CLEC customers of valuable rights mandated by Maryland law.

10.     Capital One violated Maryland law by: (1) stating that the borrowers' cars would be sold at a public sale when, in fact, they are sold at private sales; (2) failing to provide the number of bids sought and received at the private sales; (3) failing to provide the names and addresses of the winning bidders at the private sales; and (4) failing to provide a statement about the condition of the vehicle at the time of repossession which would affect its market value.

11.    Capital One's use of deficient form pre-sale and post-sale notices which omit material information required by Maryland law makes this case particularly suitable for resolution through a class action lawsuit.

## II.    JURISDICTION

12.    This Court has jurisdiction over this case under MD. CODE ANN., CTS. & JUD. PROC. § 1-501.

13.    This Court has personal jurisdiction over Defendant Capital One, National Association pursuant to MD. CODE ANN., CTS. & JUD. PROC. § 6-103(1)-(3), as Capital One systematically and continually transacts business in Maryland, the case arises out of a transaction that took place within Maryland, Capitol One contracts to supply goods or services in Maryland, repossesses vehicles in Maryland and files lawsuits in Maryland's State Court System.

## III.    PARTIES

14.    Plaintiff Dorothy Gales is a natural person currently residing at 17020 Downing Street, Apt. #202, Gaithersburg, MD 20877 (Montgomery County, Maryland).

15.    Defendant Capital One d/b/a Capital One Auto Finance is a National Banking Association doing business within this state and with its principle place of business located at 1680 Capitol One Drive, McLean, VA 22102.

## IV.    FACTUAL ALLEGATIONS

16.    On or about August 28, 2010, Gales purchased a 2010 Jeep Compass from Criswell Performance Cars LLC d/b/a Criswell Chrysler Jeep Dodge in Montgomery County, Maryland.

17.     Gales obtained financing for the purchase of the 2010 Jeep Compass through the dealership that sold her the vehicle, Criswell Performance Cars, LLC, which was memorialized in a Retail Installment Sale Contract ("RISC").

18.     The RISC affirmatively elects to be governed under Subtitle 10 of Title 12 of the Commercial Law Article (*i.e.* CLEC).

19.     Gales purchased the 2010 Jeep Compass primarily for personal, family and household purposes.

20.     The RISC by which Gales financed her purchase was assigned to Capital One.

21.     The total amount financed in the RISC was $23,674.22.

22.     Capital One accepted the assignment of the credit contract.

23.     Throughout the life of the CLEC credit account, Gales made numerous payments to Capital One.

24.     Capital One received payments from Gales totaling more than $10,074.22.

25.     As part of the August 28, 2010 transaction, Capital One took a lien and security interest on the 2010 Jeep Compass.

26.     Capital One and/or its agents seized and repossessed the 2010 Jeep Compass on or before November 4, 2012.

27.     The 2010 Jeep Compass was seized and repossessed in Montgomery County, Maryland.

28.     Capital One sent a pre-sale notice to Gales telling her that the car would be sold at a public sale on November 27, 2012 at Manheim Baltimore Auto Auction, 7120 Dorsey Run Road, Elkridge, MD 21075 starting at 8:30am.

29.     The pre-sale notice provided to Gales was not accurate because the sale on November 27, 2012 was not a public sale, rather it was a private sale.

30.     Manheim Baltimore Auto Auction generally restricts attendance at its sales to only licensed automobile dealers.

31.     Every other Tuesday ("Tuesday Sale"), however, Manheim Baltimore Auto Auction opens its doors to individuals in addition to licensed automobile dealers but those individuals must satisfy certain conditions in order to attend and bid at the Tuesday Sale.

32.     In order to attend and participate in the Tuesday Sale, a person other than a licensed automobile dealer is charged an admission fee of $1,000 which must be presented to Manheim Baltimore Auto Auction in cash only.

33.     If an attendee purchases a vehicle at the Tuesday Sale, the $1,000 deposit is credited toward the purchase price of the vehicle.

34.     If the attendee does not purchase a vehicle at the Tuesday Sale, the $1,000 deposit is returned by "Auction Check" to the person on Thursday, but is not returned immediately and not returned in cash, a practice which creates a significant barrier to attendance and participation by members of the public.

35.     The pre-sale notice provided to Gales does not disclose anywhere that a $1,000 cash deposit is required to attend the Tuesday Sale.

36.     Members of the public who may be interested in attending and participating in the Tuesday Sale are not afforded advance notice of the $1,000 deposit or entrance fee.

37.     Upon information and belief, the Tuesday Sale has not been attended by substantial numbers of persons other than licensed automobile dealers.

38.     On November 27, 2012, the date Gales 2010 Jeep Compass was sold at Manheim Baltimore Auto Auction, the Tuesday Sale was conducted in the manner alleged herein and was a private sale.

39.     Capital One provided Gales a post-sale notice on December 17, 2012 notifying Gales that her 2010 Jeep Liberty was sold for $13,600.00.

40.     Capital One's post-sale notice also notified Gales that a deficiency balance existed on her credit account.

41.     The post-sale notice did not include information required under CLEC when a vehicle is sold at a private sale including: (1) the name and address of the purchaser; (2) the number of bids sought; (3) the number of bids received; and (4) any information about the condition of the vehicle at the time of sale that would cause an increase or decrease above or below the market value for goods of like kind and quality.

42.     Capital One made attempts to collect the claimed outstanding deficiency balance from Gales after mailing the post-sale notice.

43.     On April 29, 2013, Gales received a collection letter from Northstar Location Services, LLC seeking payment of the alleged deficiency, now claimed to be $8,163.88.

## V.     CLASS ACTION ALLEGATIONS

44.     Named Plaintiff brings this action on behalf of a Class which consists of:

> **All persons whose personal property was repossessed by Capital One in connection with a credit contract governed by CLEC and sold at a Tuesday Sale at Manheim Baltimore Auto Auction.**

Excluded from the Class are those individuals who now are or have ever been executives of the Defendant and the spouses, parents, siblings and children of all such individuals.

45.     The Class, as defined above, is identifiable.  The Named Plaintiff is a member of

the Class.

46.     The Class consists, at a minimum, of more than one hundred borrowers who entered into a CLEC credit contract directly with or that was assigned to Capital One and whose personal property was subsequently repossessed and sold at the Manheim Baltimore Auto Auction's Tuesday Sale, and is thus so numerous that joinder of all members is clearly impracticable.

47.     There are questions of law and fact which are not only common to the Class but which predominate over any questions affecting only individual class members.

48.     The common and predominating questions include, but are not limited to:

(a)  Whether the Tuesday Sales are private sales;

(b)  Whether Capital One failed to provide full post-sale notice disclosures required by and compliant with CLEC § 12-1021(j)(2) to borrowers whose personal property was repossessed and sold at the Tuesday Sale;

(c)  Whether Capital One knowingly violated CLEC § 12-1021(j)(2); and

(d) Whether Capital One breached the class credit contracts by failing to comply with CLEC.

49.     Claims of Named Plaintiff are typical of the claims of the respective members of the Class and are based on and arise out of similar facts constituting the wrongful conduct of Capital One.

50.     Plaintiff will fairly and adequately protect the interests of the Class.

51.     Plaintiff is committed to vigorously litigating this matter.

52.     Further, Plaintiff has secured counsel experienced in handling consumer class actions and complex consumer litigation.

53.     Neither Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue this claim.

54.     Capital One's actions are generally applicable to the respective Class as a whole, and Plaintiff seeks equitable remedies with respect to the Class as a whole within the meaning of FED. R. CIV. P. 23(b)(2).

55.     Common questions of law and fact enumerated above predominate over questions affecting only individual members of the Class.  FED. R. CIV. P. 23(b)(3).

56.     A class action is the superior method for fair and efficient adjudication of the controversy.  FED. R. CIV. P. 23(b)(3).

57.     The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

58.     The likelihood that individual members of the Class will prosecute separate actions is remote also because each individual claim involves a small amount.

59.     Plaintiffs' counsel is experienced in class actions, and foresees little difficulty in the management of this case as a class action.

## VI.     CAUSES OF ACTION

### COUNT ONE
### (MARYLAND CREDIT GRANTOR CLOSED END CREDIT PROVISIONS)

60.     Gales re-alleges and incorporates by reference the allegations set forth herein, and further alleges:

61.     CLEC requires credit grantors to provide post-sale notices and the information that is required to be contained there within with respect to repossession of secured property.

62.     In violation of CLEC, Capital One failed to provide Named Plaintiff and the Class with the required post-sale notices and information that must be contained there within, including

but not limited to:  (1) the name and address of the purchaser; (2) the number of bids sought; (3) the number of bids received; and (4) any information about the condition of the vehicle at the time of sale that would cause an increase or decrease above or below the market value for goods of like kind and quality.

63.     Capital One knowingly engaged in these violations of CLEC § 12-1021(j)(2).

**COUNT TWO**
**(BREACH OF CONTRACT)**

64.     Gales re-alleges and incorporates by reference the allegations set forth herein, and further alleges:

65.     CLEC was in effect at the time Named Plaintiff and all other Class Members' credit contracts were signed.

66.     Capital One specifically and unequivocally elected CLEC as the controlling law in its credit contracts with Named Plaintiff and all Class Members.

67.     Capitol One specifically and unequivocally incorporated the CLEC statute into Named Plaintiff and all Class Member credit contracts.

68.     The provisions of the CLEC statute became a part of the contracts just as if the parties expressly included the CLEC provisions in their credit contracts.

69.     When Capital One violated CLEC as set forth herein, Capital One materially breached its contracts with Named Plaintiff and the Class.

70.     As a result of Capital One's breach of contract with Named Plaintiff and the Class, Named Plaintiff and the Class have been damaged.

71.     Named Plaintiff and the Class have been deprived of the substantial rights granted to them by CLEC and under their contracts as set forth above.

72.     Named Plaintiff and the Class sustained damages and losses due to these breaches

of contract.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that this Court:

A.      assume jurisdiction of this case;

B.      enter an order certifying the Class under FED. R. CIV. P. 23(b)(2) and (b)(3);

C.      enter an order declaring the rights of Named Plaintiff and the Class in accordance with CLEC § 12-1018(a)(2) (including an accounting of each credit account) and CLEC § 12-1021(k)(4);

D.      enter an order requiring Capital One within 30 days to notify all credit reporting agencies to whom it reports that Named Plaintiff and members of the Class have a balance on their accounts equal to the amount determined under CLEC § 12-1018(a)(2) and CLEC § 12-1021(k)(4);

E.      enter judgment in favor of Named Plaintiff and the Class against Capital One in an amount determined under CLEC § 12-1018(b);

F.      enter judgment in favor of Named Plaintiff and members of the Class against Capital One for such compensatory damages as the evidence shall warrant;

G.      enter an award of pre-judgment and post-judgment interest on all sums awarded to Named Plaintiff and members of the Class; and

H.      award such other relief as the court deems appropriate.

Respectfully submitted,

Z LAW, LLC

Dated: July 19, 2013                    By:**_____/s/___28191_____**
                                        Cory L. Zajdel, Esq. (Fed. Bar No. 28191)
                                        301 Main Street, Suite 2-D
                                        Reisterstown, Maryland 21136
                                        (443) 213-1977
                                        clz@zlawmaryland.com

                                        **Attorney for Plaintiff**


                              **JURY TRIAL**

       Named Plaintiff on behalf of herself and all others similarly situated demands trial by

jury on all issues so triable.


                                        _____/s/____28191_____
                                        Cory L. Zajdel