**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Southern Division)**

| | |
|---|---|
| DOROTHY GALES<br><br>*on her own behalf and on behalf of all others similarly situated,*<br><br>Plaintiffs,<br><br>v.<br><br>CAPITAL ONE, N.A.<br>D/B/A CAPITAL ONE AUTO FINANCE<br><br>Defendant. | Case No. 8:13-cv-01624-WGC |

# SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into by Plaintiff Dorothy Gales ("Representative Plaintiff"), acting individually and on behalf of the Class defined below, and Defendant Capital One, N.A. d/b/a Capital One Auto Finance ("Capital One"), by and through their undersigned counsel. This Agreement is subject to preliminary and final approval by the Court pursuant to FED. R. CIV. P. 23.

## I. RECITALS

1. This class action lawsuit ("Complaint") was filed in the Circuit Court of Maryland for Montgomery County on April 25, 2013, and removed to the United States District Court for the District of Maryland (Southern Division) on June 5, 2013.

2. On July 19, 2013, Representative Plaintiff filed a First Amended Class Action Complaint alleging that Capital One failed to provide information to the Representative Plaintiff and the Settlement Class Members as required by Maryland Credit Grantor's Closed End Credit

Provisions ("CLEC"), MD. CODE ANN., COMM. LAW §§ 12-1001 *et seq*. after the private sale of repossessed vehicles at an auction known as a "Tuesday Sale" at Manheim Baltimore Auto Auction, 7120 Dorsey Run Road, Elkridge, MD 21075.

3. According to the First Amended Complaint, Representative Plaintiff seeks to represent a putative class of individuals including:

> All persons whose personal property was repossessed by Capital One in connection with a credit contract governed by CLEC and sold at a Tuesday Sale at Manheim Baltimore Auto Auction.

4. Representative Plaintiff asserts claims for violation of CLEC and for breach of contract.

5. Capital One denied the material allegations made against it in the First Amended Complaint, asserting a number of affirmative defenses, denied any wrongdoing or liability, and denied that Representative Plaintiff or the Settlement Class Members suffered any damages.

6. Prior to negotiating this settlement, the Parties fully briefed a motion to remand, a motion to dismiss, and two motions to strike affirmative defenses. The Parties conducted extensive research into the applicable law with respect to the claims and defenses and with respect to class certification issues. The Parties conducted formal discovery and deposed a third-party. In addition, the Parties conducted informal discovery, including exchanging information and documents regarding the transactions of Settlement Class Members and the size and scope of the Settlement Class. Class Counsel reviewed documentation provided by Capital One and other sources relevant to the issues raised in the First Amended Complaint, and interviewed potential witnesses.

7. The Parties also conducted extensive settlement discussions. These were lengthy, arduous, and intense arms-length negotiations that took place over approximately six (6) months,

and which included two days of in-person mediations and numerous telephone calls with the extensive and invaluable efforts of Magistrate Judge Jillyn K. Schulze and Chief Magistrate Judge William Connelly.

8. On April 17, 2014, based on a review of its records, Capital One identified seven thousand four hundred twenty three (7,423) Automobile Loan Accounts that meet the definition of a Settlement Class Member. Representative Plaintiff relies on Capital One's review and identification of these Automobile Loan Accounts. Of these 7,423 Automobile Loan Accounts, two thousand nine hundred twenty two (2,922) meet the definition of a Monetary Relief Subclass Member.

9. On April 17, 2014, based on a review of its records, Capital One determined that it collected an Amount in Excess of Original Principal Balance on the 7,423 Automobile Loan Accounts totaling $4,254,688.12. Representative Plaintiff relies on Capital One's review and identification of these Automobile Loan Accounts.

10. On April 17, 2014, based on a review of its records, Capital One determined that it collected an Amount in Excess of Original Principal Balance from Any Source on the 7,423 Automobile Loan Account totaling $14,243,865.06. Representative Plaintiff relies on Capital One's review and identification of these Automobile Loan Accounts.

11. The Parties recognize and acknowledge the benefits of settling this case. The Parties recognize that the outcome of this Action is uncertain, and that a final resolution through the litigation process would likely require protracted adversary litigation and appeals. The Parties have taken into account the difficulties and delays inherent in such litigation. Class Counsel has, therefore, determined that the settlement set forth in this Agreement is fair, reasonable, adequate and in the best interest of the Representative Plaintiff and all Settlement

Class Members. The Representative Plaintiff concurs in this determination.

12. The Agreement does not constitute, is not intended to constitute, and will not under any circumstances be deemed to constitute, an admission by either party as to the merits, validity, accuracy, or lack thereof, of any of the allegations, claims, or defenses in this Action. The Agreement provides for certification of a conditional Settlement Class, even though the Court has not yet determined whether the Action could properly be brought as a class action, and Capital One maintains that class certification for trial purposes would not be proper under FED. R. CIV. P. 23. Moreover, this Agreement does not constitute a waiver of any claims, defenses, or affirmative defenses that each party may be entitled to assert in any future litigation unrelated to the "Automobile Loan Accounts," as that term is defined below, including the applicable statute of limitations. Accordingly, Capital One, solely for the purpose of avoiding the burden, expense, risk, and uncertainty of continuing these proceedings, and for the purpose of putting to rest the controversies engendered by the Action, desires to settle the Action on the terms and conditions set forth herein.

NOW, THEREFORE, in consideration of the covenants and agreements set forth herein, it is stipulated and agreed by the undersigned Representative Plaintiff, Class Counsel, and Capital One that the Action and all claims of the Representative Plaintiff and Settlement Class are settled, compromised, and dismissed on the merits and with prejudice as to Capital One, subject to Court approval as required by FED. R. CIV. P. 23, on the terms and conditions set forth in this Agreement.

## II. TERMS OF THE SETTLEMENT

**13. Definitions**:

As used in this Agreement, the following terms have the following meanings:

(a) “Action” means and refers to the action entitled *Dorothy Gales v. Capital One, N.A.,* Case No. 8:13-cv-01624-WCG (D. Md.).

(b) “Agreement” means this settlement document, including all exhibits and any amendments to this Agreement as finally approved by the Court.

(c) “Amounts in Excess of the Original Principal Balance” means all amounts collected by Capital One on any Automobile Loan Account from the borrower greater than the Original Principal Balance for that Automobile Loan Account.

(d) “Amounts in Excess of the Original Principal Balance from Any Source” means all amounts collected by Capital One on any Automobile Loan Account from any source greater than the Original Principal Balance including the Gross Sale Price from the repossession sale.

(e) “Automobile Loan Account” means a motor vehicle loan account between Capital One and a borrower, which qualifies the borrower for membership in the Settlement Class as defined in Paragraph 14.

(f) “Capital One” means Capital One, N.A.

(g) “Capital One’s Counsel” means McGuireWoods LLP.

(h) “Class Counsel” or “Counsel for Representative Plaintiff” means Cory L. Zajdel of Z Law, LLC.

(i) “Class Member List” means the list of class members that is to be compiled by Capital One and certified by Capital One and the Settlement Administrator and any supplements thereto.

(j) “Complaint” means the class action lawsuit filed by Representative Plaintiff in the Circuit Court of Maryland for Montgomery County on April 25, 2013 and

removed to the United States District Court for the District of Maryland (Southern Division) on June 5, 2013.

(k) "Confidential Information" or "Confidential Material" means:

(1) for all documents and things provided to Class Counsel by Capital One prior to entry of the Preliminary Order: anything subject to the Confidentiality Order agreed to and entered in this Action whether provided by formal discovery or otherwise, which shall include any spreadsheets provided by Capital One to Class Counsel;

(2) for all documents and things provided to Class Counsel or the Settlement Administrator after entry of the Preliminary Order: the Class Member List, all documents and things provided to Class Counsel and the Settlement Administrator by Capital One, whether by formal discovery or otherwise, and all things as described in Paragraph 19 of this Agreement not already the subject of a protective order.

(l) "Court" means the United States District Court for the District of Maryland (Southern Division).

(m) *Cy Pres* Recipient means a non-profit 501(c)(3) organization agreed to by the Parties and approved by the Court. In no event shall any C*y Pres* Recipient advocate, finance, promote, or facilitate litigation against the interests of Capital One or its parent, affiliated and/or subsidiary companies.

(n) "Effective Date" means the earliest of: (i) the date of final approval of the Settlement, if no person objects to or intervenes in the settlement; (ii) the date on which the Court's judgment becomes final, *i.e.*, thirty (30) days after the date the Court finally approves the settlement, if no appeal by a Class Member is filed; (iii) the date of the final affirmance on appeal; or (iv) the final dismissal of any appeal.

(o) "Final Approval" means the Order approving the Settlement, certifying the Settlement Class, and dismissing with prejudice all claims raised by the Representative Plaintiff and the Settlement Class in the Action consistent with the Settlement.

(p) "First Amended Class Action Complaint" means the pleading filed on July 19, 2013 by Representative Plaintiff in the Court amending the Complaint filed on April 25, 2013.

(q) "Gross Sale Price" means the final bid price for any Class Member vehicle sold at a "Tuesday Sale" at Manheim Baltimore Auto Auction after repossession.

(r) "Monetary Relief Subclass" means only those persons included within the Monetary Relief Subclass defined in Paragraph 14, who have not timely excluded themselves from this Settlement as prescribed herein.

(s) "Net Sale Proceeds" means the Gross Sale Price minus any fees or charges assessed by Manheim Baltimore Auto Auction related to selling a Settlement Class Member vehicle.

(t) "Notice of Proposed Class Action Settlement" means the written notice to Settlement Class Members approved by the Court in the Preliminary Order.

(u) "Original Principal Balance" means the amount disclosed in the Retail Installment Sale Contract in the box captioned "Amount Financed."

(v) "Parties" means the Representative Plaintiff, the Settlement Class, and Capital One.

(w) "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government, or any political subdivision or agency thereof, and any business or legal

entity and their spouses, heirs, executors, administrators, predecessors, successors, representatives, agents, and assignees.

(x) "Preliminary Approval Date" means the date the Court enters the Preliminary Order.

(y) "Preliminary Order" means that certain Order entered by the Court, preliminarily approving the terms and conditions of the Agreement, provisionally certifying the Settlement Class, and approving the Notice of Proposed Class Action Settlement.

(z) "Released Party" or "Released Parties" means Capital One, its parent company, and each direct and indirect subsidiary, affiliates, divisions, successors, assignors, assignees, and/or assigns thereof, and their past and present employees, associates, agents, representatives, attorneys (not including its outside attorneys), officers, shareholders, control persons, advisors, and directors.

(aa) "Remaining Loan Balance" means any amount on an "Automobile Loan Account" that Capital One's records indicate remained due and owing as of the date the Complaint was filed.

(ab) "Representative Plaintiff" refers to Dorothy Gales.

(ac) "Settlement" means this Agreement and any amendments to this Agreement as finally approved by the Court.

(ad) Settlement Administrator" means BrownGreer, PLC of Richmond, Virginia ("BrownGreer").

(ae) "Settlement Class" and "Settlement Class Members" mean only those persons included within the Settlement Class defined in Paragraph 14, who have not timely excluded themselves from this Settlement as prescribed herein.

(af) "Settlement Fund" means the sum referred to in Paragraph 16(b), which Capital One will pay to settle this Action in addition to any Supplemental Amount.

(ag) "Supplemental Amount" means the sum Capital One is required to add to the Settlement Fund pursuant to Paragraph 16(b). The Supplemental Amount shall include all amounts collected by Capital One from Class Members between the date on which this Settlement Agreement is fully executed through the date that is two weeks prior to the Final Approval hearing, and an appropriate pro rata amount for each account to the extent there are any individuals that were not included on the Class List that should have been included, if Capital One did not calculate any Class Member's recovery accurately, or if Capital One collected any additional amounts from any Class Member since the calculations made on April 17, 2014.

(ah) "Tuesday Sale" means those sales conducted by Manheim Baltimore Auto Auction where an individual seeking to attend and participate in the sale was required to pay a $1,000 admission fee that was applied to the price of a vehicle purchased by the attendee, or returned to the attendee if she did not purchase a vehicle.

**14. Settlement Class.**

In consideration for the complete and final settlement of the Action, and for settlement purposes only, the Parties stipulate and agree that this lawsuit is maintainable as a settlement class action under Fed. R. Civ. P. 23(b)(3). Capital One reserves the right to contest any motion to certify a class for any purpose other than settlement of the Action. Any Settlement Class Member who does not effectively exclude himself or herself under the procedures described in this Agreement shall, on Final Approval, become a member of the Settlement Class.

(a) The Settlement Class shall be defined as follows:

> All individuals: (a) who financed the purchase of a vehicle through a Retail Installment Sale Contract that elects Subtitle 10 of Title 12 of Maryland's Commercial Law Article; (b) whose vehicles were repossessed by Capital One; (c) whose vehicles were sold at Manheim Baltimore Auction at a "Tuesday Sale" prior to March 1, 2013; and (d) where the Retail Installment Sales Contract was not satisfied more than six months prior to April 25, 2013.
>
> The Monetary Relief Subclass shall be defined as follows:
>
> All individuals: (a) who meet the definition of the Settlement Class; and (b) for whose Automobile Loan Accounts Capital One collected Amounts in Excess of the Original Principal Balance.

(b) The Parties agree that this lawsuit may proceed as a class action for settlement purposes, agree to the Settlement Class and Monetary Relief Subclass definition set forth above, for the purpose of this Settlement and its implementation. If this Settlement fails to be approved or otherwise fails to be consummated, Capital One reserves all rights to object to the maintenance of this lawsuit as a class action, and any representation or concession made in this Agreement shall not be considered law of the case or any form of estoppel in this or any other proceeding. If this Agreement is approved, no representation or concession made in connection with the Settlement or in this Agreement shall be considered to have *res judicata* or collateral estoppel effect or to give rise to any form of estoppel or waiver in any other proceeding except proceedings to enforce this Agreement. Further, neither this Agreement nor any document referred to herein nor any action taken to carry out this Agreement is, or may be construed as, or may be used as, an admission or concession on any point of fact or law, or of any alleged fault, wrongdoing, or liability whatsoever.

**15. Class Counsel**.

The Parties agree that Cory L. Zajdel of Z Law, LLC may be appointed Class Counsel, without prejudice to Capital One's right to contest the appointment as Class Counsel in the event that this Settlement Agreement is not fully implemented in accordance with its terms. If this Agreement is not approved or otherwise fails to be fully implemented, Capital One reserves all of its rights to object to any subsequent motion to appoint Class Counsel in this Action.

**16. Class Relief.**

(a) **Deficiency Balances and Credit Reporting.**

Subject to the approval and further Order of the Court, within thirty (30) days after the Effective Date, Capital One shall:

(i) waive all Remaining Loan Balances that are owed in connection with Settlement Class Members' Automobile Loan Accounts;

(ii) dismiss with prejudice all pending lawsuits against Settlement Class Members grounded on an alleged Remaining Loan Balance associated with any Automobile Loan Account;

(iii) take reasonable steps and actions with the three (3) Credit Reporting Agencies (*i.e.* Equifax, Experian and TransUnion or "CRAs") to request that any Remaining Loan Balance on a Settlement Class Member's Automobile Loan Account be reported as zero and that the account should be reported as "paid as agreed." However, it is understood and agreed that: (i) the CRAs are independent companies and not affiliated with Capital One; (ii) Capital One cannot and does not guarantee that, when, or how the CRAs will act on the information to be reported for Class Members' trade lines or on the requests made by Capital One; (iii) Capital One is not responsible for assuring or compelling any CRA action as it may take the CRAs sixty (60) to ninety (90) days to update; and (iv) Capital One will not be

liable to any Settlement Class Member for the failure by one or more of the CRAs to properly take action, provided Capital One took reasonable steps to advise the CRAs pursuant to this Agreement. If after a reasonable period of time one or more of the CRAs fail to update information as requested by Capital One, Class Counsel or any Settlement Class Member may request that Capital One resubmit the information to one or more CRAs. Capital One's obligation is limited to not more than two (2) resubmissions to each CRA for each Settlement Class Member. Within thirty (30) days of receipt of such a request, Capital One will resubmit a request to the CRA(s) to update the information. Any request to resubmit should be made in writing and sent to Capital One's Counsel at the following address:

MCGUIREWOODS LLP
Attn: Phillip C. Chang
2001 K Street, NW
Suite 400
Washington, DC 20006

(b) **Payment by Capital One**.

Subject to the approval and further Orders of the Court, Capital One agrees to pay the sum of four million four hundred thousand dollars ($4,400,000.00) (the "Settlement Fund") for the benefit of the Monetary Relief Subclass to be distributed as set forth below in Paragraph 16(b)(iii).

In addition, Capital One shall add any Supplemental Amounts to the Settlement Fund, which shall be distributed as set forth below in Paragraph 16(b)(iii). Capital One shall notify the Settlement Administrator and Class Counsel at least five (5) business days prior to the Final Approval hearing of any Supplemental Amounts.

(i) **Deposit of Settlement Fund**. Within ten (10) business days after the Preliminary Approval Date, or otherwise on order of the Court, Capital One shall deliver the Settlement Fund to the Settlement Administrator. Within ten (10) business days after entry of

Final Approval, or otherwise on order of the Court, Capital One shall deliver any additional Supplemental Amounts to the Settlement Administrator. All funds constituting the Settlement Fund shall be deposited in an interest bearing account at a bank or depository institution designated by Class Counsel. The account will require the written authorization of Class Counsel, the Settlement Administrator, and a representative of Capital One or its Counsel to authorize the release of funds. All interest accrued on the funds deposited under this section shall be added to the Settlement Fund. In the event that the Settlement is not approved by the Court or this Agreement is terminated pursuant to Paragraph 28, or the Court does not give Final Approval, Capital One may withdraw and retain all of these funds including all accrued interest without any further action by the Court. The Representative Plaintiff, the Settlement Class, and Class Counsel agree that if the Settlement is not approved by the Court or if the Agreement is terminated, and on written notice from Capital One to return the Settlement Fund to Capital One, Class Counsel will timely execute within ten (10) business days, and cause the Settlement Administrator to execute within the same ten (10) business days, whatever documentation is necessary to disburse the Settlement Fund to Capital One in accordance with Capital One's written instructions.

(ii) **Adjustments to Settlement Fund.** The following adjustments shall be made to and subtracted proportionally from the Settlement Fund:

A. Class Counsel's attorney's fees in such amount as may be allowed and approved by the Court. Class Counsel agrees not to seek an award of attorney's fees in excess of one-third (33 1/3%) of the Settlement Fund and Capital One agrees not to oppose or comment negatively on a motion for attorney's fees of up to one-third (33 1/3%) of the Settlement Fund plus reasonable costs. Capital One, however, shall retain, and does not waive, any rights of appeal it may have otherwise with respect to an award of attorney's fees under this

section that exceeds one-third (33 1/3%) of the Settlement Fund; and

B. Payment of Class Counsel's costs and expenses of litigation to the extent allowed and approved by the Court.

(iii) **Distribution Formula**. Each Settlement Class Member entitled to a distribution from the Settlement Fund shall receive a payment from the Settlement Fund in accordance with the following formula: for amounts collected by Capital One prior to and including the date this Settlement Agreement is executed (Monetary Relief Subclass Member's Amounts in Excess of the Original Principal Balance from Any Source for the Automobile Loan Account divided by the sum of Amounts in Excess of the Original Principal Balance from Any Source on all Monetary Relief Subclass Members' Automobile Loan Accounts) multiplied by the (Settlement Fund minus approved attorney's fees and cost). Each Settlement Class Member entitled to a distribution from the Settlement Fund and from who Capital One collected payments between the date on which this Settlement Agreement is fully executed through the date that is two weeks prior to the Final Approval hearing shall receive a payment from the Settlement Fund in accordance the following formula: (amount collected by Capital One from the Settlement Class Member after this Settlement Agreement's date of execution through the date that is two weeks prior to the Final Approval hearing divided by the sum of all payments collected by Capital One from all Settlement Class Members after this Settlement Agreement's date of execution through the date that is two weeks prior to the Final Approval hearing) multiplied by (the sum of all payments collected by Capital One from all Settlement Class Members after this Settlement Agreement's date of execution through the date that is two weeks prior to the Final Approval hearing minus approved attorney's fees and costs).

(iv) **Method of Distribution**. Payment to each Monetary Relief Subclass Member entitled to a payment from the Settlement Fund shall be in the form of a check drawn on

the Settlement Fund and issued by the Settlement Administrator, which shall be made payable to "[Name of Settlement Class Member]" within thirty (30) days after the Effective Date. The Settlement Administrator shall also distribute the funds set forth in Paragraph 16(b)(ii)(A and B) (attorney's fees and litigation expenses) on or within ten (10) days after the Effective Date.

(v) **No Multiple Payments.** The Settlement Administrator shall not be required to make multiple payments to co-borrowers who are entitled to relief under this Agreement on account of the same Automobile Loan Account, but in such cases, shall make only one payment, for each transaction, jointly to all such co-borrowers, and neither Capital One nor the Settlement Administrator shall have any liability to any co-borrower arising from any claim regarding the division of such funds among co-borrowers.

(vi) **Negotiation of Checks**. Each check issued pursuant to this Agreement shall be void if not negotiated within one hundred twenty (120) days after its date of issue, and shall contain a legend to such effect. Checks that are not negotiated within one hundred twenty (120) days after their date of issue shall not be reissued.

(vii) **Unclaimed Checks**. All payments that are unclaimed by Settlement Class Members, including all returned checks and all checks not cashed within one hundred twenty (120) days after the date of issue, shall revert to the Settlement Fund and be distributed to the *Cy Pres* Recipient as described in Paragraph 20.

**17. Settlement Administrator**.

The Parties agree that BrownGreer, PLC ("BrownGreer") of Richmond, Virginia, be appointed by the Court to serve as the Settlement Administrator. The Settlement Administrator, in consultation with counsel for the Parties, will determine the number and identity of the Settlement Class Members under the Settlement Class and Monetary Relief Subclass definitions, and compile a Settlement Class Member List, specifically identifying if the Settlement Class

Member satisfies the definition of the Monetary Relief Subclass. The Parties will seek the Court's Order to produce the Class Member List as part of the Preliminary Approval of the Settlement. To assist in this process, Capital One agrees to provide to the Settlement Administrator and Class Counsel, within ten (10) days after the Preliminary Approval Date, the Class Member List in readable, searchable and unlocked electronic form including data updated as of April 17, 2014. For each Settlement Class Member on the Class Member List, Capital One shall provide the: (a) name (including the name(s) of any co-borrower(s)); (b) last known address; (c) date of Retail Installment Sales Contract; (d) Automobile Loan Account number; (e)VIN number of the vehicle; (f) Original Principal Balance; (g) amount paid by Settlement Class Member on Automobile Loan Account; (h) amount paid by any source on Settlement Class Member's Automobile Loan Account (including gross repossession sale price); (i) Amount in Excess of the Original Principal Balance; (j) Amounts in Excess of the Original Principal Balance from Any Source; (k) Gross Sale Price; (l) amounts collected after post-sale notice; and (m) Remaining Loan Balance.

Capital One agrees to provide to the Settlement Administrator and Class Counsel, within fifteen (15) business days after the entry of Final Approval, an updated Class Member List in readable, searchable and unlocked electronic form that contains any updates to any data on the Class Member List through the date that is two weeks prior to the Final Approval hearing. In preparing the Settlement Class Member List and subsequent update, Capital One shall use reasonable, good faith efforts to identify Settlement Class Members.

Together with the Class Member List and the subsequent update, Capital One will provide Class Counsel with a signed declaration describing the methodology employed by Capital One to compile the Class Member List and update. Class Counsel may serve interrogatories regarding the size and composition of the Settlement Class, the methodology for

compiling the Class Member List and update, and the accuracy of the information contained on the Class Member List and update. Should Class Counsel serve such interrogatories, Capital One must answer and sign them as required by Rule 33 of the Federal Rules of Civil Procedure. In addition, Capital One agrees to provide Class Counsel reasonable access to certain records and documents relating to no more than three hundred seventy five (375) Settlement Class Members, for the sole, express, and limited purpose of confirming membership in the Class and the accuracy of the Class Member List and update and the figures contained in Paragraphs 8-10 of this Settlement Agreement. For each of the maximum 375 Settlement Class Members, the records shall be limited to: (i) the Retail Installment Sales Contract; (ii) the Automobile Loan Account payment history; and (iii) sales receipt from repossession auction identifying the Gross Sale Price. For these 375 Settlement Class Members, Capital One also agrees to provide Class Counsel with Automobile Loan Account payment histories that are dated two weeks prior to the Final Approval hearing. Capital one further agrees to provide Class Counsel reasonable access to Automobile Loan Account payment histories for a statistically significant number of Settlement Class Members who are entitled to recover any Supplemental Amounts from the Settlement Fund.

Thereafter, the Parties will use their best efforts to resolve any issues concerning the size and composition of the Settlement Class, the methodology for compiling the Class Member List and update, and the accuracy of the information contained on the Class Member List. Further, if after exhausting informal efforts among the Parties including those discussed herein, issues regarding size, composition, methodology, or accuracy remain, Class Counsel may move the Court to order one or more depositions of a Capital One corporate designee related to these issues.

The Settlement Administrator will be responsible for: (a) certifying and submitting an affidavit to the Court and to counsel for the Parties concerning the Settlement Class Member List and update; (b) effecting notice to the Class in a form and manner approved by the Court; (c) conducting appropriate research, using a competent information broker on the Internet, the United States Postal Service Change of Address Database and/or a recognized credit bureau to ensure that any mailed notice which is returned for the reason that the address is incorrect will be corrected and a second notice sent (the Settlement Administrator shall not engage in additional efforts to locate a Settlement Class Member if a second Notice of Proposed Class Action Settlement is returned); (d) disbursing all funds from the Settlement Fund; (e) maintaining a post office box address to receive inquiries with respect to the Settlement for a period of two hundred seventy days (270) after the Preliminary Approval Date or one hundred eighty (180) days from the Effective Date, whichever is longer; (f) establishing and publishing a website generally available to the public on the internet where Settlement Class Members can review basic information regarding the Action that is included within the First Amended Class Action Complaint, the Notice of Proposed Class Action Settlement, Settlement Agreement, Preliminary Order, and Final Approval; and (g) keeping the Settlement Class Member List confidential.

**18. Cost of Administration of Settlement Fund**.

Capital One shall pay all costs related to administration of this Agreement and the costs related to the Settlement Administrator and Notice of Proposed Class Action Settlement and payment of those costs is in addition to payment of the Settlement Fund.

**19. Confidential Information or Confidential Material (collectively "Confidential Material").**

The Parties agree to treat the Confidential Material, including but not limited to the Class Member List, the account information and data referenced in the Class Member List, and the

account files and information, as confidential; and to use the Confidential Material solely for the purpose of providing the settlement benefits offered by this Agreement to Settlement Class Members and otherwise implementing the terms of this Agreement, and for no other purpose whatsoever.

The Class Member List, the account information and data referenced in the Class Member List, and the account files and information will be exchanged in accordance and compliance with all applicable federal and state laws. The Parties will seek the Court's Order to produce Confidential Material as part of the Preliminary Approval of the Settlement.

Further, except to the extent authorized by this Agreement, the Parties agree that they will not disclose the Confidential Material to any third party, except pursuant to a Court order and in compliance with all applicable federal and state laws. Nothing in this Agreement shall be deemed or construed to prevent the Parties from sharing Confidential Material with the Settlement Administrator, or prevent Class Counsel from sharing information concerning a Class Member's Automobile Loan Account with that Class Member and only that Class Member and her or his agents. The Settlement Administrator or any third party shall execute a "Certification of Agreement Regarding Confidential Material," attached hereto as **Exhibit A**, and the terms and provisions of this Paragraph shall become binding on the Settlement Administrator and any third party and their successors. A "Certification of Agreement Regarding Confidential Material" shall not be required to be signed by a Class Member in order for the Parties to communicate information about that Class Member's Automobile Loan Account to the Class Member.

No later than one hundred eighty (180) days after the Effective Date, Class Counsel will return to Capital One all Confidential Material except that Class Counsel may retain a copy of the Class Member List for a period of no longer than five (5) years after the Effective Date unless further obligated pursuant to an ongoing attorney-client relationship or Court order. After

a period of five (5) years, Class Counsel shall return or destroy the Class Member List to Capital One's Counsel unless it is obligated to retain the Class Member List, in whole or in part, pursuant to an ongoing attorney-client relationship or Court order. If Capital One, on written request by Capital One's Counsel, inquires about the destruction or return of the Class Member List, Class Counsel will provide written notice that it has destroyed or will return the Class Member List. If Class Counsel determines that an ongoing attorney-client relationship or Court order requires him to retain the Class Member List, Class Counsel shall provide Capital One's Counsel with written notice of his retention of the Class Member List and identify the basis for such retention.

If the agreement is terminated, canceled, or if the class is decertified, Class Counsel and the Settlement Administrator shall be required to return to Capital One all Confidential Material, including, but not limited to the Class Member List, within five (5) days of a request by Capital One to do so, specifying the information to be returned, following termination, cancellation, or decertification.

For all Confidential Material that must be returned to Capital One pursuant to this paragraph, no later than one-hundred eighty (180) days after the Effective Date, Class Counsel will certify under oath that he, his employees, agents, and consultants did not retain any copies, summaries, compilations, or indices of such information except for a copy of the Class Member List, which Class Counsel is entitled to retain for a period of five years after the Effective Date. Notwithstanding any contrary language in this Agreement, the provisions of this paragraph shall survive any termination or modification of this Agreement and shall continue to be binding regardless of whether or not the Settlement is fully implemented. The Parties also will not use any of the Confidential Material or information contained in the Confidential Material obtained in the Action for any purpose other than providing the settlement benefits offered by this

Agreement to Settlement Class Members and otherwise implementing the terms of the Agreement after the Effective Date. Nothing in this paragraph shall be interpreted to limit Class Counsel from representing any individual or groups of individuals against Capital One or any of the Released Parties on any theory of liability, regardless of whether the claims asserted in future litigation relate in some way to information contained in the Confidential Material.

20. **Cy Pres**.

The Parties agree that a *cy pres* fund will be created which includes any residue of the Settlement Fund remaining for any reason, including checks that are not negotiated or are returned and remain undeliverable after one hundred twenty (120) days following the mailing of the checks to Monetary Relief Subclass Members pursuant to this Agreement. The *cy pres* fund shall be donated to a *Cy Pres* Recipient. In the event that an alternative *Cy Pres* Recipient is necessary, the Parties shall jointly agree on an alternative. The *cy pres* funds shall be remitted by the Settlement Administrator to Class Counsel within one hundred thirty five (135) days after the checks are mailed to Monetary Relief Subclass Members pursuant to Paragraph 16(b)(vii) of this Agreement, and Class Counsel shall then remit the funds to the *Cy Pres* Recipient on behalf of the Class and provide proof of payment to Capital One's counsel.

**21. Incentive Payment**.

Class Counsel will file and Capital One will not oppose or comment negatively on a motion that Capital One pay fifteen thousand dollars ($15,000.00) as an incentive payment to the Representative Plaintiff. If approved by the Court, payment shall be made by Capital One to the Representative Plaintiff within ten (10) days of the Effective Date by check made payable to "Dorothy Gales" and delivered to Class Counsel. The incentive payment shall be paid by Capital One separate from and in addition to the Settlement Fund, and shall not reduce the amounts of payments from the Settlement Fund.

**22. Releases.**

This Agreement seeks the termination of this lawsuit between the Parties.

(a) **Settlement Class Members' Release.**

On the Effective Date of this Agreement, and without any further action by the Court or by any Party to this Agreement, Representative Plaintiff; the Settlement Class Members; and all of their respective administrators, executors, personal representatives, heirs, spouses, guardians, wards, agents, attorneys, assigns, predecessors, successors, and all those who claim through them or who assert claims on their behalf for good and sufficient consideration, the receipt and adequacy of which is acknowledged, shall be deemed to, and shall in fact, have remised, released, and forever discharged the Released Parties from any claim, right, demand, charge, complaint, action, cause of action, obligation, or liability for actual or statutory damages, punitive damages, equitable relief, restitution, or other monetary relief of any and every kind, including those based on CLEC, or any other federal, state, or local law, statute, regulation, or common law, whether known or unknown, suspected or unsuspected, under the law of any jurisdiction, which the Representative Plaintiff or any Settlement Class Member ever had, now have or may have in the future resulting from, or arising out of: (a) any act, omission, event, incident, matter, dispute, or injury that arises from or is in any way connected in whole or in part with the Automobile Loan Accounts financed by or assigned to Capital One; and (b) any act, omission, event, matter, dispute, injury, or thing that in whole or in part directly or indirectly, relates to or arises out of said events specified in (a).

(b) **Capital One's Covenant Not to Sue Settlement Class Members.**

Capital One covenants and agrees that neither it nor any of its successors, assigns, agents, or employees will sue or maintain any action at law or in equity against the Representative Plaintiff or Settlement Class Members that relates to or arises out of the subject Automobile

Loan Accounts.

(c) **Bar to Future Suit.**

The release provided in this Agreement is intended to be and shall be construed to constitute a full and final release of the claims alleged in the Complaint on behalf of the Representative Plaintiff and the Settlement Class. Representative Plaintiff and all Settlement Class Members shall be enjoined from prosecuting any proceeding against Released Parties with respect to the conduct, services, fees, charges, acts, or omissions of any Released Party relating to all matters within the scope of the release in this section. The Court shall retain jurisdiction to enforce judgment, releases, and bar to suits contemplated by the Settlement. It is further agreed that the Settlement may be pleaded as a complete defense to any proceeding subject to this section.

## III. PROCEDURES FOR EFFECTUATING SETTLEMENT

**23. Full and Final Settlement.**

Each Party agrees that the Action is being voluntarily settled after consultation with experienced legal counsel of their own choosing and that terms of the Agreement were negotiated at arm's length and in good faith. It is the intent and purpose of this Agreement to effect a full and final settlement of the Released Claims.

**24. Notice Order**.

Promptly after execution of this Agreement, the Parties shall jointly move for a Preliminary Order approving the settlement and providing for Notice of Proposed Class Action Settlement and for the setting of a hearing for Final Approval.

**25. Opt Out Option**.

Any potential Settlement Class Member may elect to be excluded from this Settlement and from the Settlement Class by opting out of the Class. Any potential Settlement Class

Member who desires to be excluded from the Class must give written notice of the election to be excluded from the Settlement Class on or before the date specified in the Notice of Proposed Class Action Settlement to the Settlement Administrator. Each Settlement Class Member who does not submit a valid request to opt-out shall become a member of the Settlement Class and be bound by the settlement and release provided in this Agreement. The Settlement Administrator shall provide copies of all requests to opt-out to Class Counsel and Capital One's Counsel.

**26. Cooperation.**

The Parties and their respective counsel shall cooperate with the Settlement Administrator to the extent reasonably necessary to assist and facilitate the Settlement Administrator in carrying out its duties and responsibilities. The Parties and their respective counsel shall reasonably cooperate with each other so that both sides may adequately monitor all aspects of this Agreement.

## IV. CONDITIONS OF SETTLEMENT

**27. Approval of the Court.**

This Agreement is subject to Final Approval by the Court. At or before the Final Approval hearing conducted after mailing the Notice of Proposed Class Action Settlement, the Parties shall request that the Court grant Final Approval to the Agreement and enter Final Approval in accordance with this Agreement, in a form separately negotiated by the Parties or, in absence of an agreement, determined by the Court, approving this Agreement as final, fair, reasonable, adequate, and binding and dismissing the Action with prejudice. If these conditions do not occur, or if the Court does not enter the Orders requested herein, or if the Court enters the judgment provided for herein but either the judgment is materially modified or reversed on appellate review, then this Agreement shall be canceled and terminated, unless counsel for both

sides, within ten (10) days from the receipt of a ruling or written notice of circumstances giving rise to termination, agree in writing to proceed with this Agreement.

**28. Termination of Agreement**.

This Agreement shall terminate: (a) if the Court fails to approve the Agreement; (b) at the option of Representative Plaintiff or Capital One if this Court or any other court materially modifies[1] (or proposes to materially modify) this Agreement as a condition to approval of the Settlement; (c) at the sole discretion of Capital One, if more than 10% (ten percent) of persons eligible for inclusion in the Settlement Class elect to opt out of and be excluded from the Settlement Class;[2] (d) at the sole discretion of Capital One, if the Settlement Fund (prior to the addition of any Supplemental Amounts) is fifteen percent (15%) greater than originally agreed; (e) at the sole discretion of Representative Plaintiff if the Settlement Fund (prior to the addition of any Supplemental Amounts) is fifteen percent (15%) less than originally agreed; and (f) for any reason on the mutual agreement of Representative Plaintiff, on the one hand, and Capital One, on the other hand.

**29. Effect of Termination of Agreement**.

If this Agreement is terminated or canceled pursuant to Paragraph 28, all obligations under this Agreement, except those found in Paragraph 19, shall cease to be of any force and effect, and all of the Parties hereto shall be deemed to have reverted to their respective *status quo ante* positions with respect to the Action as if the Agreement had not been entered into,

---

[1] Any dispute as to the materiality of any modification or proposed modification of this Agreement by the Court shall be resolved by the Court.

[2] Capital One shall exercise such right of withdrawal by providing written notice of the election to terminate to the Court and to Class Counsel within fifteen (15) days after the Settlement Administrator notifies Capital One, in writing, of the number of Class Members that elected to opt out as provided in Paragraph 25 of this Agreement and Paragraph 15 and 16 of the Preliminary Order.

preserving, in that event, all of their respective claims and defenses in this Action. Further, the fact of this Agreement, that Capital One did not oppose the certification of any class under the Settlement, or that the Court entered a Preliminary Order, shall not constitute any admission, or be used as evidence in any way, of liability or that any class was appropriately certified for litigation or trial.

**30. Decertification of the Settlement Class.**

If the Court does not grant final approval of the Agreement, or if the Final Judgment is reversed in whole or in part on appeal, certification of the Settlement Class will be vacated and the Parties will be deemed to have reverted to their respective *status quo ante* positions with respect to the Action as if the Agreement had not been entered into, preserving, in that event, all of their respective claims and defenses in this Action. Further, the fact of this Agreement, that Capital One did not oppose the certification of any class under the Settlement, or that the Court entered a Preliminary Order, shall not constitute any admission, or be used as evidence in any way, of liability or that any class was appropriately certified for litigation or trial.

## V. APPLICATION FOR ATTORNEY'S FEES, COSTS AND DISBURSEMENTS

**31.** All attorney's fees, costs and disbursements on behalf of or by Class Counsel shall be paid in accordance with Paragraph 16(b)(ii)(A and B) of this Agreement or in such manner as the Court may direct.

**32.** Capital One shall not be liable for any fees, costs, or disbursements of Class Counsel apart from what is paid from the Settlement Fund, and what is otherwise agreed to under this Agreement unless Representative Plaintiff brings an action to enforce the terms of this Agreement and prevails in such action. If Representative Plaintiff does not prevail in such action, Capital One shall be entitled to recover its costs and attorney's fees from Representative Plaintiff. Prior to filing any such action to enforce the terms of this Agreement, Class Counsel

shall provide Capital One with written notice of the alleged breach or non-compliance. Upon receipt of such written notice, Capital One shall have twenty-one (21) days to cure any such breach or non-compliance.

## VI. MISCELLANEOUS PROVISIONS

**33. No Press Release.**

Neither Representative Plaintiff, Class Counsel, nor Capital One shall issue a press release or otherwise initiate communications with the media concerning this Agreement. Representative Plaintiff, Class Counsel, and Capital One may respond to inquiries concerning the Agreement or the Action, other than inquiries from Settlement Class Members or the Court, only by reference to information contained in the public record. The relief provided for in this Agreement may not be published by the Parties or Class Counsel except in any documents filed in this case, or as necessary to effectuate settlement procedures as described in this Agreement, and then only in the same manner expressly provided for in Paragraph 16 of this Agreement. This provision shall not prohibit Class Counsel from identifying himself as Class Counsel on any publication, or from referencing, in any court-filed documents, information contained in the public record regarding this Agreement.

**34. Best Efforts.**

The Parties agree that the terms of the Agreement reflect a good-faith, arms-length settlement of disputed claims. The Parties consider the Settlement effected by this Agreement to be fair and reasonable in accordance with the information available to each at this time and will cooperate and use their best efforts to seek approval of the Agreement by the Court, including responding to any objectors, interveners, or other persons or entities seeking to preclude Final Approval of this Agreement.

**35. Amendments.**

This Agreement may be amended or modified only by a written instrument signed by Class Counsel and Capital One or its Counsel.

**36. Entire Agreement**.

The terms and conditions set forth in this Agreement constitute the complete and entire agreement among the Parties with respect to the subject matter of this Agreement and supersedes all prior negotiations, communications, and agreements between the Parties. No Party has entered into this Agreement in reliance on any representations, warranties, or inducements other than the representations, warranties, and covenants contained and memorialized in this Agreement. The Parties further intend that this Agreement constitutes the complete and exclusive statements of its terms between the Parties hereto.

**37. Extensions of Time.**

The Parties may request that the Court allow reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

**38. Representative Plaintiff's Authority**.

Class Counsel, on behalf of the Representative Plaintiff and the Settlement Class, is expressly authorized to take all appropriate actions required or permitted to be taken by the Representative Plaintiff and the Settlement Class pursuant to this Agreement to effectuate its terms, and is also expressly authorized to enter into any modifications or amendments to this Agreement on behalf of the Representative Plaintiff and the Settlement Class.

**39. No Attempt by Parties to Object.**

The Representative Plaintiff and Class Counsel, and Capital One and its Counsel each represent and warrant that they have not nor will they solicit or support in any fashion any effort by any other person (natural or legal) to object to the settlement under this Agreement, or to appeal the settlement under this Agreement. Moreover, neither Representative Plaintiff nor

Class Counsel shall refer any Settlement Class Member to other counsel for the purpose of objecting to or opting out of, or appealing, this settlement.

**40. Counterparts**.

This Agreement may be executed in one or more counterparts. All executed counterparts shall be deemed to be one and the same instrument. Each person executing this Agreement warrants that such person has the full authority to do so. In addition, signatures sent in PDF format by email or by facsimile will constitute sufficient execution of this Agreement. Counsel for the Parties shall exchange among themselves original executed counterparts and a complete set of original executed counterparts shall be filed with the United States District Court for the District of Maryland, Southern Division in connection with any motion accompanying the Preliminary Order.

**41. Binding Nature**.

This Agreement shall be binding on and inure to the benefit of, the respective heirs, successors and assigns of the Parties.

**42. Construing the Agreement**.

This Agreement shall not be construed more strictly against one Party than another merely by virtue of the fact that it may have been drafted initially by counsel for one of the Parties. It is acknowledged that all Parties have contributed substantially to the preparation of this Agreement.

**43. Waiver.**

The waiver by one party of any provision or breach of this Agreement shall not be deemed a waiver of any other provision or breach of this Agreement.

**44. Applicable Law**.

All the terms of this Agreement shall be governed by and interpreted in accordance with the laws of the State of Maryland and applicable federal law.

**45. Contrary to Law.**

Nothing in this Agreement is believed to be contrary to law. If it is determined that any provision is in violation of any law, that provision shall be revised to the extent necessary to make such provision(s) legal and enforceable, and the invalidity of any provision shall not invalidate this Agreement or its remaining provisions. In such case, the Agreement shall be construed in such manner to give effect to the Parties' intent and purpose in executing this Agreement to the fullest extent permitted by law.

**46. Jurisdiction**.

The Parties submit to the jurisdiction of the Court for the purpose of implementing the Settlement embodied in this Agreement, and consent to the jurisdiction of this Court following the Effective Date over any disputes which later arise in connection with this Agreement or actions taken pursuant to the Agreement.

IN WITNESS THEREOF, the Parties have caused this Agreement to be executed by their duly authorized representatives, as of the date and year written below.

FOR THE REPRESENTATIVE PLAINTIFF AND THE SETTLEMENT CLASS:

By: Dorothy Gales
Dorothy Gales

Date: 03/14/15

By: ________________
Cory L. Zajdel, Lead Counsel

Date: 3/18/15

FOR THE DEFENDANT, CAPITAL ONE, N.A.

By: ________________
________________, Authorized Agent

Date: ________________

IN WITNESS THEREOF, the Parties have caused this Agreement to be executed by their duly authorized representatives, as of the date and year written below.

FOR THE REPRESENTATIVE PLAINTIFF AND THE SETTLEMENT CLASS:

By:______________________
Dorothy Gales

Date:______________

By:________________________________
Cory L. Zajdel, Lead Counsel

Date:______________

FOR THE DEFENDANT, CAPITAL ONE, N.A.

By: [signature]
Michael Feeney, Authorized Agent

Date: 3/27/15