IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| DOROTHY GALES | |
| v. | |
| CAPITAL ONE, N.A. | Case No. 8:13-cv-01624-WGC |

NOTICE OF PENDENCY OF CLASS ACTION,
PROPOSED SETTLEMENT, AND HEARING

**PLEASE READ THIS NOTICE CAREFULLY IN ITS ENTIRETY
YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT
OF THIS LAWSUIT NOW PENDING IN THIS COURT**

**TO**:   ALL INDIVIDUALS:  (a) WHO FINANCED THE PURCHASE OF A VEHICLE THROUGH A RETAIL INSTALLMENT SALE CONTRACT THAT ELECTS SUBTITLE 10 OF TITLE 12 OF THE COMMERCIAL LAW ARTICLE; (b) WHOSE VEHICLES WERE REPOSSESSED BY CAPITAL ONE; (c) WHOSE VEHICLES WERE SOLD AT MANHEIM BALTIMORE AUCTION AT A "TUESDAY SALE" AS THAT TERM IS DEFINED IN THE FIRST AMENDED CLASS ACTION COMPLAINT PRIOR TO MARCH 1, 2013; AND (d) WHERE THE RETAIL INSTALLMENT SALE CONTRACT WAS NOT SATISFIED MORE THAN SIX MONTHS PRIOR TO APRIL 25, 2013.

BASIC INFORMATION

### 1. Why was this notice issued?

A court authorized this notice because you have a right to know about a Proposed Settlement of this class action lawsuit and about your options before the Court decides whether to give "final approval" to the Proposed Settlement.  This notice explains the lawsuit, the Proposed Settlement, your legal rights, what benefits will be provided, and who will receive them.

This case is currently pending in the United States District Court for the District of Maryland (Southern Division) and is known as *Dorothy Gales v. Capital One, N.A.*, Case No. 8:13-cv-01624-WGC.

### 2. What is this lawsuit about?

The lawsuit alleges that Capital One violated the law when it failed to provide specific information, required by Maryland law, in notices it mailed its customers after the sale of repossessed motor vehicles at Manheim Baltimore Washington Auto Auction.  Capital One has denied all claims and any wrongdoing and liability whatsoever to the Representative Plaintiff

Dorothy Gales and all putative class members. Capital One contends that Representative Plaintiff's claims have no merit and that, if the lawsuit would proceed, it would prevail at trial.

### 3. Why is this a class action?

The parties have agreed and the Court has ordered that, for settlement purposes only, this lawsuit may be maintained as a class action under Federal Rules of Civil Procedure 23(b)(3), subject to final approval at the conclusion of the settlement process. If the Proposed Settlement is not finally approved, or if the Representative Plaintiff or Capital One withdraws from the Proposed Settlement, the lawsuit will return to the same status as before the Settlement Agreement was signed, and the Court will later determine if the case may proceed as a class action.

### 4. How do I know if I am part of the Proposed Settlement?

The Proposed Settlement includes all consumers who obtained a consumer loan from Capital One through a retail installment sales contract that elects Subtitle 10 of Title 12 of the Commercial Law article (*i.e.*, Maryland's Credit Grantor Closed End Credit Provisions – hereinafter abbreviated as "CLEC") and had their motor vehicles repossessed and subsequently sold at Manheim Baltimore Washington Auto Auction.

You are receiving this Notice because it is believed that you are a member of the Class. **This is not a lawsuit against you.**

### 5. Why is there a Proposed Settlement?

The parties arrived at the Proposed Settlement after substantial negotiations, including mediation proceedings before Magistrate Judge Jillyn K. Schulze and Chief Magistrate Judge William Connelly. There has also been no decisions related to claims or defenses on the merits and before the Court determined whether class certification was appropriate. The Proposed Settlement is a compromise of disputed claims and does not mean that any law was violated or that Capital One did anything wrong.

**THE PROPOSED SETTLEMENT BENEFITS**

### 6. What benefits does the Proposed Settlement provide?

The Proposed Settlement provides both equitable and monetary benefits:

- Capital One will waive all outstanding balances and/or deficiency balances allegedly owed on each applicable loan agreement for each Class Member;

- Capital One will dismiss with prejudice all pending lawsuits against all Class Members grounded upon an alleged deficiency balance on an applicable loan agreement;

- Capital One will request that the three national credit reporting agencies update each Class Member's credit report to show a loan balance of zero dollars ($0.00) and marked as "paid as agreed" for each applicable loan agreement.

- Capital One will pay the sum of $4,400,000.00 and may be required to pay additional Supplemental Amounts into a Settlement Fund pursuant to the Settlement Agreement. If the settlement is approved, the Settlement Fund will be used to provide a payment to each

2

Class Member on whose loan account Capital One collected any amounts in excess of the principal amount financed stated in their loan agreement. The precise amount of individual recoveries will depend on the amount, if any, that was paid to Capital One in excess of the principal amount financed. Payments from the Settlement Fund will be made by check;

- **All payments due under the Settlement Agreement will be adjusted on a pro-rata basis to pay for court-approved attorney's fees and expenses of litigation (*see* Questions 11 and 12);**

- Any monies that remain unclaimed or undistributed from the Settlement Fund will not revert back to Capital One. Instead, they will be placed in a fund, and thereafter distributed to a non-profit 501(c)(3) organization(s) approved by the Court; and

- All administrative costs associated with distributing the notice to Class Members and the administration of the settlement will be paid by Capital One. The Court has appointed BrownGreer, PLC of Richmond, Virginia as the Settlement Administrator.

More details are in a document called the Settlement Agreement, which is available for your inspection online at www._____.com and at the Office of the Clerk, United States District Court for the District of Maryland (Southern Division), 6500 Cherrywood Lane, Greenbelt, MD 20770 during normal business hours.

### 7. When will the Proposed Settlement go into effect?

The Court will hold a final approval hearing on _____ at ____ _____ to decide whether to approve the Proposed Settlement (*see* Question 15). Even if the Court approves the Proposed Settlement, there could be appeals. The time for an appeal varies.

If no appeals are taken, the Effective Date is the date on which the Court approves the Proposed Settlement as final, subject to certain conditions. If an appeal is taken, the Effective Date is the date when all appeals are completed and the Proposed Settlement becomes final.

The Proposed Settlement will go into effect on the Effective Date.

### 8. What am I giving up as part of the Proposed Settlement?

If you do nothing, you will be part of the Class. That means you cannot sue Capital One over the claims settled in this case. It also means that all of the Court's orders, including the release of claims and dismissal of the lawsuit with prejudice (*see* Question 9), will apply to you and legally bind you.

Your interests as a member of the Class will be represented by the Representative Plaintiff and Class Counsel. You will not be billed for their services. Class Counsel will receive a fee only if the Court approves the Proposed Settlement, and the fee award will be set by the Court and paid by Capital One (*see* Question 12).

### 9. How does the Proposed Settlement affect my rights?

If the Proposed Settlement is finally approved, the Court will enter a judgment dismissing all claims against Capital One with prejudice. Under the terms of the Proposed Settlement, you will release Capital One with respect to the claims that were raised or could have been raised in the case. This means you cannot seek equitable relief or any type of monetary relief against Capital One based on any claim related to or arising out of your loan agreement or the repossession and sale of your motor vehicle. You will be giving up all such claims, whether or not you know about them. The Court's order will apply to you even if you objected or have any other claim, lawsuit, or proceeding pending against Capital One. If you have any questions about the release, you should consult with a lawyer.

### EXCLUDING YOURSELF FROM THE PROPOSED SETTLEMENT

If you want to keep your right to sue Capital One with respect to the repossession and sale of your motor vehicle, you must take steps to remove yourself from the Proposed Settlement. This is called asking to be excluded from – or "opting out" of – the Class.

**10. How do I remove myself from the Proposed Settlement?**

If you choose to exclude yourself from the Class, you will not be bound by any order, judgment or settlement of the lawsuit. If you exclude yourself from the Class, you will not receive any benefits from this class action. You will retain and be free to pursue any claim against Capital One.

To exclude yourself from the Proposed Settlement, you must mail a letter saying that you want to be excluded from the Class in *Dorothy Gales v. Capital One, N.A.*, Case No. 8:13-cv-01624-WGC. You must include your full name, current mailing address, and telephone number, and the letter must be signed by you personally. Your letter requesting exclusion must be mailed or otherwise delivered to the following address such that it is **received by [75 days after Notice Date], 2015.**

> Gales Class Action
> Settlement Administrator
> P.O. Box _____
> _____, Maryland _____

You cannot exclude yourself on the phone or by email.

### THE LAWYERS REPRESENTING YOU

**11. Do I have a lawyer in this case?**

Yes. The Court has appointed Cory L. Zajdel of the law firm Z Law, LLC to represent you and the other Class Members in this case. Mr. Zajdel is called Class Counsel and he is the Lead Class Counsel.

You will not be charged for Mr. Zajdel's representation. Mr. Zajdel's compensation will be paid from the Settlement Fund. If you want to be represented by another lawyer, you may hire one at your own expense.

**12. How will the lawyers be paid?  What will the Representative Plaintiff receive?**

Class Counsel has prosecuted this litigation without receiving any attorney's fees to date, and without any assurance of receiving fees, except in the event of a successful judgment or settlement.  Class Counsel will ask the Court to approve attorney's fees and expenses to be paid from the Settlement Fund.  As fees, Class Counsel will ask the Court to award a percentage of the Settlement Fund, not to exceed thirty-three and a third percent (33 1/3%) plus reasonable out-of-pocket expenses.

Class Counsel will also ask the Court to approve an incentive award of up to fifteen thousand dollars ($15,000.00) to be paid to the Representative Plaintiff for the time and resources she has spent helping Class Counsel on behalf of the whole Class.  Capital One has agreed to pay this amount to the Representative Plaintiff separate from the Settlement Fund—it will not diminish the relief to be obtained by other Class Members in any way.

The Court may award less than these amounts.  No Class Member will owe or pay anything for attorney's fees and expenses or the incentive award.

The Court must approve both the attorney's fees and costs for Class Counsel and the incentive award for the Representative Plaintiff.  The Court will conduct a hearing on attorney's fees, expenses and incentive award at a later date as part of the process of final approval of the settlement.

## OBJECTING TO THE PROPOSED SETTLEMENT

### 13. How do I tell the Court I don't agree with the Proposed Settlement?

You may object to any part of the Proposed Settlement.  To do so, you must file a written objection in the case *Dorothy Gales v. Capital One, N.A.*, Case No. 8:13-cv-01624-WGC.  Any objection must set forth your full name, current mailing address and telephone number and must include: (a) a written statement explaining the reasons for your objection; (b) copies of any papers, briefs, or other documents you want to bring to the Court's attention; (c) any evidence you wish to introduce in support of your objection; and (d) a statement of whether you or your lawyer will ask to appear at the final approval hearing to talk about your objections.

Your objection must be mailed or otherwise delivered to each of the following addresses so that it is **received by [75 days after Notice Date], 2015**:

| Court | Settlement Administrator |
|---|---|
| Office of the Clerk<br>United States District Court for the District of Maryland (Southern Division)<br>6500 Cherrywood Lane<br>Greenbelt, MD 20770 | Gales Class Action<br>Settlement Administrator<br>P.O. Box _____<br>_____, Maryland _____ |

If you or your lawyer asks to appear at the final approval hearing, in addition to providing the above information, you must include in your objection letter: (a) the points you wish to speak about at the hearing; (b) copies of documents you intend to rely upon at the hearing; (c) the amount of time you request for speaking at the hearing; and (d) whether you intend to have a lawyer speak on your behalf.

5

If you intend to have a lawyer present, your lawyer must file a written notice of appearance of counsel with the Clerk of the Court no later than **[75 days after Notice Date], 2015**.

### 14. What is the difference between objecting and asking to be excluded?

Objecting is simply telling the Court that you do not like something about the Proposed Settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself from the Class, you have no basis to object because the case no longer affects you.

### THE COURT'S FINAL APPROVAL HEARING

### 15. When and where will the Court decide whether to approve the Proposed Settlement?

The Court will hold a final approval hearing to decide whether the Proposed Settlement is fair, reasonable, and adequate and should be granted final approval. The Court will also consider whether to award attorney's fees and other expenses to Class Counsel, whether to provide an incentive award to the Representative Plaintiff, and whether to enter a final judgment and dismiss the lawsuit. If there are objections, the Court will consider them. You may attend and you may ask to speak.

The final approval hearing will be on _____ at _____, before the Honorable William Connelly, Chief Magistrate Judge, United States District Court for the District of Maryland (Southern Division), 6500 Cherrywood Lane, Greenbelt, Maryland, 20770. The Proposed Settlement may be approved with modifications, and without further notice, if consented to by the Representative Plaintiff and Capital One and their respective attorneys in accordance with the terms of the Settlement Agreement.

### 16. Do I have to come to the hearing?

No. Class Counsel will answer any questions the Court may have. If you send a written objection, you do not have to come to the final approval hearing to talk about it. As long as you mailed your written objection on time and according to the Court's rules, the Court will consider it. You may also pay your own lawyer to attend the final approval hearing, but it is not necessary.

### IF YOU DO NOTHING

### 17. What happens if I do nothing?

You have the right to do nothing. If you do nothing, you will remain part of the Class and will receive the benefits described herein. You will not, however, be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Capital One about the claims in this case, ever again.

### GETTING MORE INFORMATION

### 18. How do I get more information?

If you have any questions concerning the matters dealt with in this notice, please direct your inquiries to the following Class Counsel:

Cory L. Zajdel, Esquire
Z Law, LLC
301 Main Street, Suite 2-D
Reisterstown, MD 21136
(443) 213 - 1977
www.zlawmaryland.com

You may review the First Amended Complaint, Settlement Agreement and Preliminary Approval Order in this case at www._____.com.  The pleadings and other records in this litigation are available and may be examined and copied during regular office hours at the Office of the Clerk, United States District Court for the District of Maryland (Southern Division), 6500 Cherrywood Lane, Greenbelt, MD 20770.

**PLEASE DO NOT TELEPHONE THE CLERK'S OFFICE OR THE JUDGE'S CHAMBERS CONCERNING THIS NOTICE OR THIS CASE.**


DATE: _____2015.        _____
                                         Clerk of Court,
                                         U.S. District Court for the District of Maryland