IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| DOROTHY GALES<br><br>*on her own behalf and on behalf of all others similarly situated,*<br><br>Plaintiffs,<br><br>v.<br><br>CAPITAL ONE, N.A.<br>D/B/A CAPITAL ONE AUTO FINANCE<br><br>Defendant. | Case No. 8:13-cv-01624-WGC |

**ORDER PRELIMINARILY APPROVING SETTLEMENT; CERTIFYING CLASS FOR SETTLEMENT PURPOSES; APPOINTING CLASS COUNSEL AND SETTLEMENT ADMINISTRATOR; AND SETTING SCHEDULE WITH RESPECT TO NOTICE, FAIRNESS HEARING, AND ADMINISTRATION**

After review and consideration of the Settlement Agreement ("the Agreement") dated March 27, 2015 (attached as **Exhibit A** to this Order), relating to claims raised against Defendant Capital One, N.A. d/b/a Capital One Auto Finance ("Capital One" or "Defendant"), and upon joint application of Plaintiff Dorothy Gales ("Representative Plaintiff") and Capital One, with good cause appearing, THIS COURT FINDS and ORDERS as follows:

1.   The terms of the Agreement, and the Settlement provided for therein, are preliminarily approved as fair, reasonable and adequate, subject to further consideration thereof at the Fairness Hearing described at Paragraph 21 of this Order.

2.   The definitions set forth in the Agreement are hereby incorporated by reference into this Order.

3.   The Court has subject matter and personal jurisdiction over the Parties, including

all Class Members.

4. For purpose of this Settlement and without prejudice to Capital One's right to contest class certification in the event that the proposed Settlement is not fully implemented, the Court hereby certifies the following Class in accordance with the Agreement, and pursuant to FED. R. CIV. P. 23(a) and FED. R. CIV. P. 23(b)(3):

> All individuals: (a) who financed the purchase of a vehicle through a Retail Installment Sale Contract that elects Subtitle 10 of Title 12 of Maryland's Commercial Law Article; (b) whose vehicles were repossessed by Capital One; (c) whose vehicles were sold at Manheim Baltimore Auction at a "Tuesday Sale" prior to March 1, 2013; and (d) where the Retail Installment Sales Contract was not satisfied more than six months prior to April 25, 2013.
>
> The Monetary Relief Subclass shall be defined as follows:
>
> All individuals: (a) who meet the definition of the Settlement Class; and (b) for whose Automobile Loan Accounts Capital One collected Amounts in Excess of the Original Principal Balance.

5. For settlement purposes only and without prejudice to Capital One's right to contest class certification in the event that the proposed Settlement is not fully implemented, the Court finds, pursuant to the Agreement, that the prerequisites of FED. R. CIV. P. 23(a) and FED. R. CIV. P. 23(b)(3) have been satisfied.

6. For the purpose of this preliminary approval and all matters relating to the Settlement of this Action, and without prejudice to Capital One's right to contest the appointment of Representative Plaintiff as the representative of the Class and/or the appointment of Class Counsel in the event that the proposed Settlement is not fully implemented, until further order of the Court, Plaintiff Dorothy Gales shall be the Representative of the Class and Representative Plaintiff's counsel of record is appointed as counsel for the Class ("Class

Counsel"). The law firm representing the Class and who shall comprise Class Counsel is:

Cory L. Zajdel
Z Law, LLC
301 Main Street, Suite #2-D
Reisterstown, MD 21136

7. BrownGreer, PLC of Richmond, Virginia ("Settlement Administrator"), is hereby appointed to serve as Settlement Administrator, subject to the execution and filing with the Court of the Certification attached as **Exhibit B** to this Order.

8. Pursuant to the terms of paragraph 17 of the Agreement, Defendant is hereby Ordered to prepare and provide to the Settlement Administrator and Class Counsel a Class Member List within ten (10) days after the entry of this Order in readable, searchable and unlocked electronic form including data updated as of April 17, 2014. Defendant is further Ordered to make the deposit of the Settlement Fund pursuant to paragraph 16(b)(i) of the Agreement within ten (10) business days after the entry of this Order. In addition, Defendant is hereby ordered to notify the Settlement Administrator and Class Counsel of any Supplemental Amounts at least five (5) business days prior to the Fairness Hearing.

9. The Settlement Administrator shall comply with the provisions of paragraph 16(b) and 17 of the Agreement, maintain the confidentiality of all Confidential Material including the Class Member List, the Class Member account data or information and shall use the information contained in the Class Member List and the Class Member account files referenced in paragraph 19 of the Agreement solely for purposes of implementing this Settlement and for no other purposes whatsoever.

10. The parties, Capital One's Counsel, and Class Counsel shall comply with the various provisions of the Agreement, which are incorporated, as such requirements pertain to the parties, Capital One's Counsel, and Class Counsel.

11. Within thirty (30) days after the entry of this Order, pursuant to the procedures detailed in the Agreement, the Settlement Administrator shall provide notice of this Settlement and of the Fairness Hearing to all potential Class Members by mailing to each person identified on the Class Member List a copy of the Notice of Pendency of Class Action, Proposed Settlement and Hearing (the "Class Notice"), substantially in the form attached as **Exhibit C** to this Order. If any Class Notices are returned because of an incorrect or invalid address, the Settlement Administrator is ordered to take the actions set forth in paragraph 17 of the Agreement. In order to assist in the notice process, for all persons whose first notice of the Settlement and Fairness Hearing in this case is returned as undeliverable, within five (5) days of receiving the returned notice, the Settlement Administrator shall request in writing from Defendant the social security numbers for those Class Members, and Defendant is further Ordered to use its best efforts to provide social security numbers of those persons to the Settlement Administrator within five (5) business days of the Settlement Administrator's request and shall provide said social security numbers in no event later than ten (10) days after the Settlement Administrator's request. The parties, Capital One's Counsel and Class Counsel shall maintain the confidentiality of any such social security numbers pursuant to paragraph 19 of the Agreement.

12. The reasonable costs and expenses of printing, preparing and mailing the Class Notice, and the reasonable costs and expenses of the Settlement Administrator, and other related administrative expenses shall be borne by Defendant as set forth in paragraph 18 ("Cost of Administration of Settlement Fund") of the Agreement.

13. Prior to the Fairness Hearing described in paragraph 21 herein, Class Counsel shall serve and file a sworn statement of the Settlement Administrator evidencing compliance

with the provisions of this Order concerning the mailing of the Class Notice after Capital One has reviewed the Settlement Administrator's sworn statement.

14. Notice to potential Class Members in accordance with the provisions of the Agreement and paragraph 11 of this Order is hereby found to be: (a) the best Notice practicable under the circumstances; (b) due and sufficient notice of this Order to all persons affected by and/or entitled to participate in the Settlement; and (c) in full compliance with the notice requirement of FED. R. CIV. P. 23 and due process to all persons entitled to such Notice.

15. Any Class Member wishing to be excluded from the Class shall mail a request for exclusion ("Request for Exclusion" or "Opt-Out Form"), pursuant to paragraph 25 ("Opt-Out Option") of the Agreement, to the Settlement Administrator, postmarked no later than one hundred five (105) days after entry of this Order. Requests for exclusion that do not include all required information and/or not transmitted as to the instructions set forth in the Notice will not be honored. Upon receipt, the Settlement Administrator shall immediately forward a copy of any request for Exclusion to Class Counsel and to counsel for Capital One. Such request shall set forth: the name, address, and telephone number of the Class Member, and contain the words "opt-out," "exclusion," or other words clearly indicating an intent not to participate in the Settlement. Requests for exclusion shall be deemed to have been made in each and every capacity in which the person requesting the exclusion is acting. Any Class Member who does not properly and timely request exclusion shall be included in the Class and shall be bound by the determinations of the Court, and any Final Judgment entered in the Action, if this Settlement receives Final Approval from the Court. The specific date and deadline for requesting exclusion by a class Member shall be set forth in the Class Notice.

16. Within ten (10) business days following the expiration of the last date for

requesting exclusion (the "Exclusion Date") the Settlement Administrator shall:

(a) Notify, in writing, Defendant's counsel and Class Counsel regarding the names of Class Members, if any, who request exclusion;

(b) File with the Court a sworn statement listing all persons who have submitted timely requests for exclusion; and

(c) Provide copies of all Requests for Exclusion received by it to Defendant's counsel and Class Counsel. The originals of all Requests for Exclusion shall be retained by the Settlement Administrator unless and until such originals are delivered to Class Counsel following the Effective Date.

17. To effectuate the Settlement and the Notice provided for herein, the Settlement Administrator shall lease and maintain a post office box of adequate size. Notice to the Class shall designate said post office box for Requests for Exclusion and for all purposes of communicating with the Settlement Administrator. The Settlement Administrator shall be responsible for the receipt of all Requests for Exclusion from Class Members and shall preserve all such communications until administration is complete or further order of the Court. All written communications received from Class Members to the Settlement Administrator and all written responses to inquiries by Class Members from the Settlement Administrator relating to the Agreement and Settlement shall be available at all reasonable times for inspection and copying by Capital One's counsel and Class Counsel, subject to further Order of the Court if issues of privilege or confidentiality arise. Notice to Class Members shall designate the Settlement Administrator as the person to whom Requests for Exclusion shall be sent.

18. In order to be deemed a Class Member entitled to participate in the Settlement as set forth in the Agreement, in the event that the Settlement is effected in accordance with all of the terms and conditions thereof, Class Members need not take any affirmative action, but shall not opt-out of, or request exclusion from the Settlement.

19. All other events contemplated under the Agreement to occur after this Order and

before the Fairness Hearing described in paragraph 21 of this Order shall be governed by the Agreement to the extent not inconsistent with this Order.

20. Memoranda in support of the Settlement, petitions for attorneys' fees and reimbursement of expenses by Class Counsel, requests for any Representative Plaintiff award and any Cy Pres Motion shall be filed with the Clerk of the Court no later than one hundred twenty (120) days after entry of this Order.

21. A hearing (the "Fairness Hearing") shall be held before the undersigned at 10:00 am, on August 5, 2015 in the United States District Court for the District of Maryland, 7500 Cherrywood Lane, Greenbelt, Maryland 20770, to consider the fairness, reasonableness and adequacy of the proposed Settlement, the entry of any final Order or Judgment in the case, petitions for attorneys' fees and for reimbursement of expenses by Representative Plaintiff's counsel, and other related matters. The Fairness Hearing may be postponed, adjourned or continued by Order of the Court without further notice to the Class.

22. Any Class Member who does not opt-out of the Settlement may appear at the Fairness Hearing in person or by counsel, if any appearance is filed and served as provided in the Class Notice, and will be heard to the extent allowed by the Court in support of, or in opposition to, the fairness, reasonableness and adequacy of the proposed Settlement, the entry of any final Order or Judgment in the case, petitions for attorneys' fees and for reimbursement of expenses by Representative Plaintiff's counsel, or other related matters. Provided, however, that no person shall be permitted to intervene or otherwise be heard in opposition to the proposed Settlement, and, if approved, the judgment entered thereon, or to the requested award of attorneys' fees and reimbursement of expenses, and no papers or briefs submitted by any person shall be accepted or considered by the Court unless, not later than seventy five (75) days of the

mailing of the Notice, such person has:

    (a)    filed with the Clerk of the Court a notice of such person's intention to intervene or otherwise appear together with a statement that indicates the basis for such intervention or opposition along with any supporting documentation;

    (b)    served copies of such notice, statement and documentation, together with copies of any other papers or briefs that such person files with the Court, either in person or by mail, upon Class Counsel, and upon Defendant's counsel at the following addresses:

Cory L. Zajdel  
Z Law, LLC  
301 Main Street, Suite #2-D  
Reisterstown, MD 21136

*Class Counsel*

Phillip C. Chang  
McGuireWoods LLP  
2001 K Street, NW  
Suite 400  
Washington, DC 20006-1040

*Counsel for Capital One*

    (c)    otherwise complied with the Settlement Agreement and Notice for purposes of such hearing.

23.    Any Class Member who does not object to the Settlement in the manner provided in this Order shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as incorporated in the Agreement, including but not limited to all other related matters handled during the Fairness Hearing.

24.    If the proposed Settlement is not implemented or if the Settlement is terminated for any reason whatsoever, the Settlement, and all proceedings in connection with the Agreement, including, without limitation, all orders entered in connection with the proposed

Settlement shall be without prejudice to the rights of the Parties, and all Orders issued pursuant to this proposed Settlement shall be vacated. In such an event, the Settlement and all negotiations, proceedings and statements made in connection with the proposed Settlement, including without limitation the Agreement, shall be null, void and without effect. No evidence relating to such negotiations, proceedings, documents, or statements shall be used in any manner or for any purpose in any subsequent proceedings in this Action, or in any other proceeding between the settling parties, and this Action shall revert to its status immediately prior to the execution of the Agreement, including but not limited to its status as a putative class action.

25. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Settlement Class.

IT IS SO ORDERED

Dated: ~~April~~ March 31, 2015

/s/ William Connelly
Hon. William Connelly
Chief Magistrate Judge, U.S. District Court
for the District of Maryland