IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

DOROTHY GALES

*on her own behalf and on behalf of
all others similarly situated,*

Plaintiffs,

v.

CAPITAL ONE, N.A.
D/B/A CAPITAL ONE AUTO FINANCE

Defendant.

Case No. 8:13-cv-01624-WGC

## FINAL JUDGMENT APPROVING SETTLEMENT AND CERTIFYING SETTLEMENT CLASS

Upon review and consideration of the Settlement Agreement (ECF No. 66-3) dated March 27, 2015 (the "Settlement Agreement"), by and between Plaintiff Dorothy Gales (acting individually and on behalf of the Settlement Class defined below – hereinafter referred to as "Representative Plaintiff" or "Named Plaintiff") and Defendant Capital One, N.A. (hereinafter referred to as "Defendant" or "Capital One"), the memoranda and arguments of counsel, and the lack of any objections to the settlement,

IT IS HEREBY ORDERED and ADJUDGED as follows:

1. Pursuant to FED. R. CIV. P. 23, the Court approves the settlement of this action, as embodied in the terms of the Settlement Agreement, and finds that the Settlement is, in all respects, fair, reasonable, and adequate and in the best interest of the Class members in light of the factual, legal, practical and procedural considerations raised by this case. The Settlement

Agreement is the product of good faith arms-length negotiations by the parties, each of whom was represented by experienced counsel. The Settlement Agreement is incorporated by reference into this Order (with capitalized terms as set forth in the Settlement Agreement), is hereby adopted as an Order of this Court, and becomes part of the final judgment in this action. In the event of a conflict between the text of this Order and the text of the Settlement Agreement, the text of the Settlement Agreement shall prevail.

2.      For the purpose of settlement, as addressed further below, pursuant to FED. R. CIV. P. 23(a) and 23(b)(3), the Court hereby finally certifies the following Settlement Class defined as follows:

> All individuals: (a) who financed the purchase of a vehicle through a Retail Installment Sale Contract that elects Subtitle 10 of Title 12 of Maryland's Commercial Law Article; (b) whose vehicles were repossessed by Capital One; (c) whose vehicles were sold at Manheim Baltimore Auction at a "Tuesday Sale" prior to March 1, 2013; and (d) where the Retail Installment Sales Contract was not satisfied more than six months prior to April 25, 2013.

The Monetary Relief Subclass shall be defined as follows:

> All individuals: (a) who meet the definition of the Settlement Class; and (b) for whose Automobile Loan Accounts Capital One collected Amounts in Excess of the Original Principal Balance.

3.      The Court finds that the notice previously given to Class Members who were involved in 7,423 transactions with the Defendant, including individual mailed notice and notice by publication on the internet, were in compliance with the Preliminary Approval Order dated March 31, 2015 (ECF No. 67) and constituted the best notice practicable under the circumstances and satisfies the requirements of due process and FED. R. CIV. P. 23. The Court further finds that all customers identified as Class Members in these transactions fall within the Settlement Class definition approved above.

4.      The Court finds that one (1) Class member elected to exclude himself from the settlement.

5.      The Court appoints Dorothy Gales as the Representative Plaintiff of the Settlement Class and finds that she meets the requirements of FED. R. CIV. P. 23(a)(4).

6.      The Court appoints the following lawyer as Lead Class Counsel, and finds that he meets the requirements of FED. R. CIV. P. 23(a)(4):

> Cory L. Zajdel
> Z Law, LLC
> 301 Main Street, Suite #2-D
> Reisterstown, Maryland 21136

7.      The Court further finds that all the requirements for class certification are met in this case:

    a.  **The Prerequisites of FED. R. CIV. P. 23**:

FED. R. CIV. P. 23(a) requires the following four threshold elements be met in order for a class to qualify for certification: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

**FED. R. CIV. P. 23(a)(1) (numerosity)**: The proposed Settlement Class in this action consists of individuals in 7,423 transactions. This Court finds that the Settlement Class is so numerous that joinder would be impracticable in this case. Thus, the Court finds that the numerosity requirement under FED. R. CIV. P. 23(a)(1) is satisfied.

**FED. R. CIV. P. 23(a)(2) (commonality of facts and law):** Named Plaintiff alleged in this case that Capital One repossessed motor vehicles in connection with consumer loans entered into under *Maryland Credit Grantor Closed End Credit Provisions*, MD. CODE ANN., COM. LAW §§ 12-1001, *et seq.* ("CLEC"), and sold those motor vehicles at Manheim Baltimore Washington at a private sale but failed to prove adequate notice after the sale of the motor vehicle to each Class Member.Capital One disputes Named Plaintiff's assertions and denies liability. The Court finds that a determination of the legality of Capital One's practices with respect to Named Plaintiff as well as the other Class Members concerns common questions of law and fact. As such the Court finds the requirements of FED. R. CIV. P. 23(a)(2) are satisfied.

**FED. R. CIV. P. 23(a)(3) (typicality of claims and defenses):** This factor focuses on the consideration of whether the Named Plaintiff's interests are truly aligned and consistent with those of the Class Members. In this case, the Named Plaintiff's claims are identical to the claims asserted for every other Class Member, and all arise from the alleged failure to provide adequate notice after Class Member motor vehicles were sold at the Baltimore Washington Manheim Tuesday Sale. Furthermore, the defenses to liability, if any, are similar as to every Class Member. Thus, the Court finds that the requirement of typicality under FED. R. CIV. P. 23(a)(3) is satisfied.

**FED. R. CIV. P. 23(a)(4) (adequate representation):** The Named Plaintiff's claims are not conflicting or inconsistent with any Class member's claims. Moreover, the Court finds that Named Plaintiff is represented by able counsel

4

with extensive experience in class action litigation, who has adequately represented the interests of the Settlement Class. Thus, the Court finds that the requirement of adequate representation under FED. R. CIV. P. 23(a)(4) is satisfied.

    b. **Requirements of FED. R. CIV. P. 23(b):**

After the requirements of FED. R. CIV. P. 23(a) are found to exist, the Court must determine pursuant to FED. R. CIV. P. 23(b) whether this case may be maintained as a class action under FED. R. CIV. P. 23(b)(1), (b)(2) or (b)(3). This Court finds that there are common over-riding legal claims held by all Class Members regarding the legality of the practice of repossessing motor vehicle from consumers while allegedly failing to provide adequate post-sale notice of the private sale during the Class Period. The Court further finds that the pursuit of numerous individual cases, which would be essentially identical, would be a waste of judicial time and resources. In summary, common questions predominate over individualized questions and a class action suit is the superior vehicle to efficiently adjudicate this lawsuit. Certification under FED. R. CIV. P. 23(b)(3) is appropriate.

    8.    After due consideration of the state of proceedings and the posture of the case at the time settlement was proposed; the circumstances surrounding settlement negotiations; the experience of counsel; the relative strength of Plaintiff's case on the merits; the existence of difficulties of proof and defenses Plaintiff would be likely to encounter if the case went to trial; the anticipated duration and expense of additional litigation; the solvency of Defendant and the likelihood of recovery on a litigated judgment; the lack of opposition to the settlement; the lack of any objections to this settlement; all written submissions; affidavits and arguments of counsel; and after notice and a hearing, this Court finds that the settlement is fair, adequate, and reasonable. Accordingly, the Settlement Agreement should be, and is, approved and shall

govern all issues regarding the settlement and all rights of the parties to this settlement, including Class members. Each Class member shall be bound by the Agreement, including the releases in the Settlement Agreement.

9. The parties are hereby ORDERED promptly to carry out their respective obligations under the Settlement Agreement and BrownGreer PLC is hereby DIRECTED to make payments to those Class Members entitled to monetary payments under the Settlement Agreement consistent with the terms of the Settlement Agreement.

10. In accordance with the Agreement, within ten (10) calendar days after the Effective Date, as defined in the Settlement Agreement, the Settlement Administrator shall issue a payment from the Settlement Fund to Z Law, LLC, lead Plaintiff's Counsel, attorneys' fees in the amount of 1/3 of the Settlement Fund, plus expenses in the amount of seven thousand three hundred twenty nine dollars and seventy two cents ($7,329.72).

11. In accordance with the Agreement, within ten (10) calendar days after the Effective Date, as defined in the Settlement Agreement, Capital One shall make an incentive payment of fifteen thousand dollars ($15,000.00) to Named Plaintiff Dorothy Gales separate and apart from the Settlement Fund.

12. The Court hereby approves the protocol for distributing the *cy pres* funds provided for in ¶ 20 of the Settlement Agreement as fair, reasonable, and warranted under the circumstances. Class Counsel shall file a Motion to Approve Cy Pres Recipient within one hundred twenty (120) days after the date following the mailing of checks to Class Members.

13. All Released Claims of each Class member (as those terms are defined in the Settlement Agreement) are hereby dismissed with prejudice.

14. Each and every Class Member is permanently enjoined from bringing, joining,

assisting in, or continuing to prosecute against any of the Released Persons for any of the Released Claims.

15. This Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of the Settlement Agreement. The Court further retains jurisdiction to enforce this Order entered this day.

BY ORDER OF THE COURT

Dated: August 5th, 2015.

_____
Hon. William G. Connelly
Chief Magistrate Judge,
U.S. District Court for the District of Maryland